**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PEGGY JONES and MARK JOHNSON**                                      **PLAINTIFFS**

**v.**                              **NO. 4:19-CV-00234 JM**

**LARRY JEGLEY, et al,**                                              **DEFENDANTS**

**ORDER**

Pending is Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 62). Defendants have responded and Plaintiffs have replied.

Plaintiffs are the prevailing parties in this constitutional challenge of Ark. Code Ann. § 7-6-203(e). Pursuant to 42 U.S.C. § 1988, the Court has discretion to award Plaintiffs a reasonable attorneys' fee. Plaintiffs request $73,345.50 for attorneys' fees and $1,016.88 in costs.

In fee-shifting cases such as this one, the fee award is calculated based upon the "lodestar" determination, the starting point of which is the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Eighth Circuit Court of Appeals also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)): (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys;

(10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Hensley*, 461 U.S. at 434.

### I.    Requested Hourly Rates

Defendants argue that the $450 hourly rate of Plaintiffs' attorney John Tull is unreasonable and inconsistent with the market rate. Mr. Tull's hourly rate for all work done prior to January 1, 2020, is billed at a rate of $375 per hour. Defendants do not object to the $375 rate. Mr. Tull argues that his increased rate is reasonable considering his experience and expertise in First Amendment law. He argues that the Court should consider the contingency basis of the case and that the attorneys have received no compensation for their work to date. He also states that he raised his hourly rate in 2020 for the first time in five years.

After considering the novelty of the legal arguments in this case, the contingency fee, the amount of time that was required to litigate the case and the skill, reputation and experience of Mr. Tull, the Court finds that a reasonable Little Rock market rate for Mr. Tull is $375 per hour. No doubt Mr. Tull can command a higher fee in many cases based on his thirty-six years of experience and his considerable trial ability, but the nature of this case does not support a higher fee. While his level of experience and expertise in the law are unmatched in the market, even John Tull's work in this case is not worth $450 per hour. Mr. Tull's fee total will be reduced by $232.50.

Defendants do not object to the hourly rate of any of the other attorneys, paralegals, or clerks involved in the case.

### II.    Number of Hours

Defendants object to the number of hours Plaintiffs' attorneys billed prior to filing the Complaint on April 5, 2019. Defendants argue that counsel with the experience of Mr. Tull and

co-counsel Chad Pekron should not need 24.3 hours to research and prepare the Complaint. Defendants suggest that Plaintiffs' fee request should be reduced by $5,122.50 for excessive and inefficient research prior to the filing. The Court finds that 11.8 hours spent by Mr. Pekron researching political spending and campaign finance restrictions is duplicative of Mr. Tull's time spent doing the same research. Plaintiffs' fee will be reduced by $3,835 for duplicative research. The Court also finds that Mr. Pekron spent an excessive amount of time preparing for oral argument before the Court of Appeals of the Eighth Circuit after researching, drafting and editing the brief. Mr. Pekron's fee will be reduced by 17.2 hours or $5,590 for this reason.

Finally, Defendants argue that Plaintiffs' counsel spent an excessive amount of time researching and drafting their fee petition and Plaintiffs should be awarded nothing for these hours. Plaintiffs point out that most of the work on the fee petition was billed by a law student who was supervised by an associate. Both the law student and the associate bill at considerably lower rates. According to the record, the firm's law clerk spent 11.6 hours researching comparable hourly rates and costs that can be requested in fee petitions and 5.1 hours drafting the petition. Christoph Keller, an associate of the firm, spent 8.3 hours drafting and editing the petition. "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis in original). While it is commendable that the firm provided the opportunity to a law school student to prepare the fee petition, it is doubtful that the firm would bill a paying client for 16.7 hours of a law clerk's time and 8.3 hours of an associate's time to prepare a fee petition. Therefore, Plaintiffs' fee for hours expended on the fee petition will be reduced by half or $1,880.

Using these numbers, the Court finds an award of $61,808.00 to be the appropriate lodestar amount. Plaintiff also seeks $1,016.88 in costs and expenses. Defendants do not challenge this amount. The Court finds that the costs and expenses are reasonable and awards the full amount.

In conclusion, Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 62) is GRANTED IN PART. Plaintiff is awarded $61,808.00 in attorneys' fees and $1,016.88 in costs and expenses, for a total of $62,824.88.

IT IS SO ORDERED this 23rd day of July, 2020.

_____
James M. Moody Jr.
United States District Judge